UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DYLAN DONALD TALLMAN,

                Plaintiff,

v.                                          Case No. 22-cv-994-pp

DR. JEANPIERRE,

                Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2) AND SCREENING COMPLAINT UNDER 28 U.S.C. §1915A**

---

Dylan Donald Tallman, who is incarcerated at Dodge Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983, alleging that the defendant violated his rights under federal and state law. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 2, and screens his complaint, dkt. no. 1.

**I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 2)**

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

On August 30, 2022, the court ordered the plaintiff to pay an initial partial filing fee of $9.00. Dkt. No. 5. The court received that fee on September 2, 2022. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay the remainder of the filing fee over time in the manner explained at the end of this order.

**II.     Screening the Complaint**

   A.     Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter Cty. Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. Cty. of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B.     The Plaintiff's Allegations

The complaint names as defendant Dr. Jeanpierre at Dodge. Dkt. No. 1 at 2. The plaintiff alleges that on July 24, 2020, Jeanpierre "was trying to persuade [him] to consent to medical treatment" because the plaintiff "had staples all the way through all 4 of [his] fingers." Id. The plaintiff "placed [his] injured hand under [his] armpit," and Jeanpierre allegedly "held [his] uninjured hand, rubbing it and called [him] 'pretty brown eyes.'" Id. The plaintiff says he pulled his hand away, but that Jeanpierre "grabbed [his] uninjured hand again and kept calling [him] pretty brown eyes." Id. at 2–3. The plaintiff "looked down [and] away from her and she kept telling [him] look at her." Id. at 3. Jeanpierre

also allegedly "lifted [his] chin up calling [him] pretty." Id. She then allegedly "touched [his] bicep[] and said 'ewww nice muscles.'" Id. The plaintiff says he "was humiliated and very uncomfortable." Id. Jeanpierre eventually told staff to place the plaintiff "back in [his] dirty observation cell," and the plaintiff says he's the one who "did medical treatment on [him]self." Id. He says he treated his own injury partly because he "did not want to be sexually assaulted again and due to her[] medical negligence." Id.

The plaintiff asserts that Jeanpierre was deliberately indifferent to his serious medical need and was "just writing [him] off when [he] avoided her sexual desires." Id. He claims Jeanpierre's refusal to see him was cruel and unusual punishment and that it constitutes medical malpractice and negligence. Id. at 2–3. The plaintiff says he endured "pain and suffering as a result" of Jeanpierre's conduct. Id. at 3 (underlining omitted). He seeks unspecified punitive damages and "monetary money." Id. at 4.

C.  Analysis

The plaintiff alleges that Jeanpierre was deliberately indifferent to his serious medical need and sexually assaulted or sexually harassed him in violation of his rights under the Eighth and Fourteenth Amendments and state law. The plaintiff previously brought these same allegations against Jeanpierre in a different complaint before a different judge in this district. Case No. 20-cv-1191-JPS, Dkt. No. 1. District Judge J. P. Stadtmueller screened the plaintiff's complaint, which asserted identical claims under the Eighth and Fourteenth Amendments and state law. Id. at Dkt. No. 13 at 4. Judge Stadtmueller noted

4

that it was not clear whether the plaintiff was a convicted prisoner or a pretrial detainee in July 2020, when the alleged events occurred. Id. at 4 n.2. He explained that this distinction matters because the Eighth Amendment protects convicted persons from cruel and unusual punishment, but the Fourteenth Amendment protects pretrial detainees from similar mistreatment. Id. Judge Stadtmueller determined that the plaintiff's allegations could proceed "even under the more stringent standard provided by the Eighth Amendment" and analyzed the plaintiff's claim under that standard.[1] Id.

This court agrees with Judge Stadtmueller's analysis and will take the same approach in analyzing the plaintiff's claims against Jeanpierre. The Eighth Amendment protects incarcerated persons from cruel and unusual punishments. See generally Wilson v. Seiter, 501 U.S. 294 (1991). An Eighth Amendment claim consists of both objective and subjective components. Farmer v. Brennan, 511 U.S. 825, 834 (1994). In the context of a claim of excessive or unwanted force, the plaintiff must show both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" Hudson v. McMillian, 503 U.S. 1, 8 (1992) (quoting Wilson, 501 U.S. at 298, 303). "An unwanted touching . . . intended to humiliate the victim or

---

[1] Judge Stadtmueller eventually dismissed the plaintiff's case without prejudice because the plaintiff failed to provide a current address and prosecute his case (and several others). Case No. 20-cv-1191-JPS, Dkt. No. 20. The court advises the plaintiff at the end of this order that this court also may dismiss this case if the plaintiff does not keep the court advised whenever his address changes or does not diligently prosecute his case.

gratify the assailant's sexual desires, can violate a prisoner's constitutional rights whether or not the force exerted by the assailant is significant." Washington v. Hively, 695 F.3d 641, 643 (7th Cir. 2012); see also Wood v. Beauclair, 692 F.3d 1041, 1046 (9th Cir. 2012) ("Sexual harassment or abuse of an inmate by a corrections officer is a violation of the Eighth Amendment.").

The court must accept the allegations in the complaint as true for purposes of screening the plaintiff's complaint. With that in mind, the court concludes that the complaint's allegations satisfy both elements of an Eighth Amendment claim. The plaintiff alleges that Jeanpierre inappropriately rubbed his hand and arm while attempting to coax him into accepting medical treatment for his injured hand. He says she repeatedly called him "pretty" and swooned over his biceps. The plaintiff alleges that this touching and commenting was unwarranted, humiliated him and made him feel uncomfortable. He says he refused medical treatment so he would not be subject to further harassment and touching. When he refused, Jeanpierre allegedly declined to provide him medical treatment and ordered prison staff to return the plaintiff to his cell. The plaintiff treated his own hand injury rather than be subjected to further touching and comments from Jeanpierre. Assuming these allegations are true, they may suggest that Jeanpierre was attempting to humiliate the plaintiff or satisfy her sexual desires with her words and actions. The court will allow the plaintiff to proceed on this claim.

On September 29, 2022, the court received from the plaintiff a filing titled "Supplemental 1983 Information." Dkt. No. 8. The plaintiff says "for the

record" that he was a pretrial detainee at the time of the alleged events and that he wishes to proceed under the Fourteenth Amendment. Id. The court notes that the plaintiff's allegations satisfy the standard for a claim under the Fourteenth Amendment, which requires only a showing that a prison official's conduct was objectively unreasonable. See Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015); Hardeman v. Curran, 933 F.3d 816, 821–22 (7th Cir. 2019) (requiring a pretrial detainee to show that a defendant's actions were not "rationally related to a legitimate non-punitive governmental purpose" or were "excessive in relation to that purpose" (quotation omitted)). The parties must address the proper standard applicable to the plaintiff's claims in dispositive motion practice or at trial, if necessary.

The plaintiff also seeks to proceed on state law claims of negligence and medical malpractice. Federal courts may exercise supplemental jurisdiction over a state law claim that is "so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367(a). Medical malpractice and negligence do not violate the constitution. See Estelle v. Gamble, 429 U.S. 97, 106 (1976).; Brown v. Peters, 940 F.3d 932, 937 (7th Cir. 2019). But these claims may be raised under state law. Because the facts underling the plaintiff's claims of medical malpractice and negligence are the same as those underlying his Eighth Amendment claim, the court will exercise supplemental jurisdiction over the plaintiff's state law claims.

### III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Under an informal service agreement between the Wisconsin Department of Justice and the court, the court will electronically transmit a copy of the complaint and this order to the Wisconsin Department of Justice for service on defendant Dr. Jeanpierre. Under the informal service agreement, the court **ORDERS** the defendant to respond to the complaint within 60 days.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$341** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the clerk of court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Dodge Correctional Institution.

The court **ORDERS** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for completing discovery and completing dispositive motions.

The court **ORDERS** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[2] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities must submit the original document for each filing to the court to the following address:

>Office of the Clerk
>United States District Court
>Eastern District of Wisconsin
>362 United States Courthouse
>517 E. Wisconsin Avenue
>Milwaukee, Wisconsin 53202

DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the case.

The court advises the plaintiff that if he fails to file documents or take other required actions by the deadlines the court sets, the court may dismiss the case based on his failure to diligently pursue it. The parties must notify the clerk of court of any change of address. The court also advises the plaintiff that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep

---

[2] The Prisoner E-Filing Program is mandatory for all persons incarcerated at Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

9

the court advised of his address may result in the court dismissing the case without further notice.

Dated in Milwaukee, Wisconsin this 31st day of October, 2022.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**